## Lee Miller v. The State.

### No. 1213. Decided May 31, 1911.

**1.—Theft of Mule—Charge of Court—Additional Charge—Article 723, Code Criminal Procedure.**

Where, upon trial of theft of a mule, the jury returned into court for additional instructions which the court gave, there was no error, no injury resulting to the defendant under article 723, Code Criminal Procedure.

**2.—Same—Accomplice—Charge of Court.**

Where the evidence did not raise the issue of an accomplice, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Kaufman. Tried below before the Hon. F. L. Hawkins.

Appeal from a conviction of theft of a mule; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, Judge.—Appellant was indicted for the theft of a mule on November 25, 1910. On a trial he was convicted, and his punishment assessed at five years confinement in the penitentiary.

The evidence is clear and amply sustains the conviction.

1. There are but two questions raised, one by bill of exceptions which, as qualified by the judge, is to this effect: "After the jury had retired to consider their verdict they all came into open court in a body, took their seats in the jury box, when J. B. Ayres, the foreman, stepped up to the bench with the papers in his hand, and in an undertone which could not have been heard by the jury said to me, 'The indictment charges the theft of one mule and the evidence shows he stole two mules—what about it?' I told him to 'look over the charge.' He then said, 'We want further instructions about it.' I told him to 'retire and look over the charge.' I then told the entire jury to retire and consider the case. I then called the county attorney and defendant's counsel to the bench and told them what the foreman had said, and told them I would give them additional instructions, which I prepared in writing and gave them. I gave them no verbal instructions. The defendant and his counsel were present during the whole of said proceeding. I sent for the jury and gave the written additional instructions, defendant being present and duly excepted."

The additional charge was as follows: "The jury are further instructed, upon their request for further instructions, if they believe from all the evidence before them beyond a reasonable doubt that the defendant Lee Miller did, in Kaufman County, Texas, about the 25th day of November, 1910, steal two mules from George Tave at the same time and place, they are further instructed that the State is entitled

to demand the conviction of defendant for the theft of one mule, as alleged in the indictment."

The appellant's objection was principally because the said additional charge of the court was a verbal one. The objection to the said additional written charge is, because it is on the weight of the evidence.

The court had before that given to the jury a full and correct charge applicable to the case, to which there was no objection by the appellant in any way. The appellant was in no way injured by the additional charge complained of. Code of Criminal Procedure, article 723. The court clearly had the right, even without a request from the jury, but especially upon its request, to give the additional charge. Articles 733-734, Code of Criminal Procedure.

2. The other question raised and complained of by appellant is in his second ground of the motion for a new trial, which is, in effect, that the court erred in not charging upon the law of accomplice, claiming that one of the state's witnesses, Jack Mooreland, was an accomplice.

We have gone over the whole record, and are clearly of the opinion that the testimony shows that said Mooreland was not an accomplice, hence the court was not called upon in any way to charge on the subject of accomplice.

There being no error in the record, the judgment is affirmed.

*Affirmed.*